UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR JOHNSON JR.,

       Plaintiff,                           CIVIL ACTION NO. 08-14305

       v.                                    DISTRICT JUDGE PAUL D. BORMAN

RICK GOOD, TIMOTHY HARRIS      MAGISTRATE JUDGE VIRGINIA MORGAN
and JULIE CABAL[1],

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

       This matter comes before the Court on Plaintiff's Motion to Remand this Matter to State Court following the Notice of Removal filed by defendants Good and Harris (D/E #5). Defendants Good and Harris filed a response in opposition to plaintiff's motion (D/E #7). For the reasons stated below, this Court recommends that plaintiff's motion be **GRANTED** and that this matter be remanded to state court because the notice of removal was procedurally defective. The notice of removal in this case is procedurally defective because defendants Good and Harris did not satisfy the rule of unanimity when removing this action.

**II. Background**

---

[1] While plaintiff's complaint appears to name "Julie Cabral" as a defendant, the docket sheet identified the third defendant as "Julie Cabal." For purposes of this Report and Recommendation, the name on the docket sheet will be used.

-1-

On or about September 2, 2008, plaintiff, proceeding *pro se*, filed an action against defendants Good, Harris and Cabal in the Circuit Court for the County of Wayne (Complaint, attached as Exhibit 1 to D/E #1). In that complaint, plaintiff alleges that defendants abused process, intentionally inflicted plaintiff with mental distress, interfered with a police investigation and maliciously prosecuted plaintiff. Plaintiff also stated in the complaint that the state court had jurisdiction over his claims pursuant to "M.C.L.A. § 600.2907; Markowicz v. Pappas, 300 N.W.2d 713 [sic]; and, under, 42 U.S.C. § 1983." (Complaint, p. 2; attached as Exhibit 1 to D/E #1) As relief, plaintiff sought an "amount in excess of $10,000 that he may be found entitled to, plus costs and expenses of this action" as well as "exemplary damages against each defendant in whatever amount is found to be fair and just." (Complaint, p. 2; attached as Exhibit 1 to D/E #1)

On October 9, 2008, defendants Good and Harris filed a notice of removal in the United States District Court for the Eastern District of Michigan (D/E #1). In that notice, Good and Harris assert that they filed the "Notice of Removal based on a federal question." (D/E #1, ¶ 5) Defendant Cabal was not a party to the notice of removal, nor was she mentioned in it. Good and Harris also failed to attach a copy of the complaint to their notice of removal.

On October 28, 2008, the Honorable Paul D. Borman ordered all three defendants to show cause why the Court had proper subject matter jurisdiction over this action (D/E #3). As stated in that order: "The Court has reviewed the Defendants' Notice of Removal finds that there is a question as to whether this Court enjoys proper subject matter jurisdiction over the action as it is not apparent that Plaintiff alleges a federal claim."

On November 3, 2008, Good and Harris filed a response to the order to show cause (D/E #4). In that response, Good and Harris asserted that plaintiff identified 42 U.S.C. § 1983 as a basis for his claims and, therefore, his cause of action is one created by federal law. Good and Harris also asserted that plaintiff's specific allegations, that defendants did not have probable cause to arrest him and that defendants denied plaintiff a fair trial, were alleging constitutional violations. Good and Harris attached a copy of plaintiff's complaint and the exhibits to that complaint as Exhibit 1 to their response to the order to show cause.

On November 4, 2008, plaintiff filed the motion to remand pending before the Court (D/E #5). In that motion, plaintiff asserts that his action is for "gross negligence, willfull/intentional injuries caused by wrongful harassment" and that the federal claims identified by defendants are only incidental or adjunct to the state claims.

On November 7, 2008, Good and Harris filed a response to plaintiff's motion to remand (D/E #7). In that response, Good and Harris reiterated their earlier argument that the face of plaintiff's complaint stated a federal claim over which the Court has original jurisdiction.

**III. Discussion**

It is the defendant's burden to establish that removal is proper, Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000), and any doubts should be resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1993). Title 28 U.S.C. § 1446 governs the procedure for removing cases from state to federal court and that statute provides in part: "A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of

the Federal Rules of Civil Procedure ...." 28 U.S.C. § 1446(a). Moreover, Subsection (b) of § 1446 requires that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based ....

**A. Federal Question**

As discussed above, plaintiff argues that this case should be remanded because the federal claims identified by defendants Good and Harris are only incidental or adjunct to the state claims.

The defendants' removal notice was based on 28 U.S.C. § 1441(b), which, as noted earlier, provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." District courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[B]ecause the 'arising under' language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331." Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757-58 (6th Cir. 2000).

The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal

jurisdiction. Eastman v. Marine Mechanical Corp., 438 F.3d 544, 549-550 (6th Cir. 2006). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. Eastman, 438 F.3d at 549. "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Eastman, 438 F.3d at 549-550 (quoting Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir.1996)).

A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "[T]he party who brings a suit is master to decide what law he will rely upon." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). "Since the plaintiff is the 'master of his complaint,' the fact that a claim could be stated under federal law does not prevent him from stating it under state law only. Eastman, 438 F.3d at 550. Absent complete preemption, the plaintiffs in a nondiversity action are masters of their

complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law. Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996).

In this case, plaintiff insists that he only wanted to bring state claims and that any federal claims are only incidental or adjunct to the state claims. However, while a plaintiff can limit his claims to state claims, the plaintiff in this case failed to do so. Plaintiff did not identify the legal basis for his specific claims when describing them, but he clearly identified a federal statute, 42 U.S.C. § 1983 as a basis for this action in the "Jurisdiction" section of his complaint. Given that the face of the complaint identifies a federal statute as the basis for plaintiff's action, plaintiff's claims fall within the original jurisdiction of the District Court and this case should not be remanded on the basis that there is no federal question.

### B. Rule of Unanimity

Even if the face of the complaint raises a federal question, the removal effort in this case is defective for another reason. The courts have interpreted § 1446 to impose a "rule of unanimity" which requires that, in order for a notice of removal to be properly before the court, all defendants who have been served must either join in the removal, or file a written consent to the removal. Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516 (6th Cir. 2003). See also Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n. 3 (6th Cir.1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served must either join in the removal, or file a written consent to the removal."). Failure to obtain unanimous consent forecloses the opportunity for removal under § 1446. Loftis, 342 F.3d at 516. In this case, Cabal did not joined in the removal petition, nor did

the petition indicate in any way that she consented to the removal. In fact the notice of removal did not even mention Cabal and "a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants," Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982). See also Shadley v. Miller, 733 F.Supp. 54, 55-56 (E.D. Mich. 1990) (Friedman, J.). Therefore, the Court finds that the notice of removal (D/E #1) filed on October 9, 2008, is procedurally defective because the defendants have not satisfied the rule of unanimity. Accordingly, the plaintiff's motion to remand (D/E #5) should be granted pursuant to 28 U.S.C. § 1447(c).

## IV. Conclusion

For the reasons discussed above, this Court recommends that plaintiff's motion to remand be **GRANTED** and that this matter be remanded to state court because of the notice of removal was procedurally defective. The notice of removal in this case is procedurally defective because defendants Good and Harris did not satisfy the rule of unanimity when removing this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: December 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 4, 2008.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan